IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS WASHINGTON, | ) | |
|---|---|---|
| Plaintiff, | ) | C.A. No. 15-146 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge Rothstein** |
| TINA BLOOM, | ) | **Magistrate Judge Baxter** |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

**II.    REPORT**

**A.    Relevant Procedural History**

Plaintiff Thomas Washington, an inmate incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania, filed this *pro se* civil rights action on June 11, 2015. On July 9, 2015, this Court issued an Order directing Plaintiff to provide USM-285 form service instructions to the United States Marshal for Defendant so that Defendant can be properly served with the complaint in this matter [ECF No. 2].

On April 5, 2016, this Court received verbal notification from the U.S. Marshal indicating that the required service instructions were never provided by Plaintiff in accordance with this Court's Order. Thus, on April 6, 2016, this Court issued an Order directing Plaintiff to provide the Clerk with the necessary USM-285 "Process Receipt and Return" form for Defendant by

1

April 16, 2016, or suffer dismissal of this case for failure to prosecute. To date, Plaintiff has continued his failure to provide the required service instructions to the United States Marshal to allow this case to proceed.

### B. Discussion

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 16, 2016

cc: The Honorable Barbara Rothstein
United States District Judge